**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MARY SILVANI, *et al.*, | : | Case No. 1:23-cv-222 |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| | : | Judge Jeffery P. Hopkins |
| vs. | : | |
| | : | |
| CHARLES CHANG, *et al.*, | : | |
| | : | |
| *Defendants*. | : | |
| | : | |

## OPINION AND ORDER

This case is about a dispute between stakeholders of an opioid treatment facility in Ohio. Plaintiffs Mary Silvani ("Ms. Silvani"), John Silvani ("Mr. Silvani"), and Clifford Cabansag ("Mr. Cabansag") (collectively, "Plaintiffs") first filed their Complaint (Doc. 2) against Defendants Charles Chang ("Mr. Chang"), Kristen Chen ("Ms. Chen"), Stacey Davis ("Ms. Davis"), and Pax Treatment Centers, LLC ("Pax"), in Butler County, Ohio, on February 17, 2023. Doc. 1, PageID 1. The action was removed to this Court by Defendant Stacy Davis's Notice of Removal (Doc. 1) on April 21, 2023.[1] Plaintiffs subsequently filed an Amended Complaint (Doc. 3), adding a fifth defendant, Katrice Roper ("Ms. Roper").[2]

This matter is now before the Court on Plaintiffs' Motion to Remand and responsive memoranda. Docs. 8, 18, 22, 25. For the following reasons, the Court **GRANTS** Plaintiffs' Motion to Remand (Doc. 8) only to the extent it seeks remand to state court. The Court

---

[1] Defendants Charles Chang, Kristen Chen, and Pax Treatment Centers, LLC., consented to this removal. Doc. 1, PageID 1, n.1.

[2] Collectively, all Defendants are referred to as "Defendants" herein.

**DENIES** the Motion to Remand to the extent it seeks sanctions and an award of attorney fees and costs associated with removal.

I.      **BACKGROUND**

        A.      **The Parties.**

Pax is a limited liability company or LLC registered in the state of Ohio with its principal place of business in Butler County, Ohio. Doc. 3, PageID 251. Pax operates as an Opioid Treatment Program that serves over 400 patients per week, providing a panoply of addiction treatment services. *Id.* at PageID 251, 255.

Importantly, because Pax is an LLC it assumes the citizenship of each of its members and sub-members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Pax is wholly owned by two members, Ms. Silvani who owns 50-percent of Pax (Doc. 3, PageID 256) and Mr. Chang, who owns the other 50% and is Pax's controlling member. *Id.* Ms. Silvani works at Pax full time as a nurse and possesses several decades of experience in similar treatment facilities. *Id.* Mr. Chang in addition to serving as President of Pax also maintains control over Pax's staffing and finances. *Id.* Because Ms. Silvani is a citizen of Ohio and Mr. Chang is a citizen of Georgia, Pax has citizenship in Ohio and Georgia. *Id.* at PageID 251.

Pax has several other stakeholders who are parties in this case. Mr. Silvani is the brother of Ms. Silvani and is Pax's Program Administrator and Program Sponsor. *Id.* at PageID 256–57. Mr. Cabansag is Pax's Medical Director. *Id.* at PageID 253. Like Ms. Silvani, the other two Plaintiffs are residents of Ohio. *Id.* at PageID 251.

Defendant Chang's wife, Ms. Kristen Chen, also a defendant in this proceeding, is Pax's Chief Financial Officer. *Id.* at PageID 248. Like Mr. Chang, Ms. Chen is a resident of

Georgia. *Id.* at PageID 251. Defendant Ms. Davis was hired by Mr. Chang to conduct a random billing and coding risk audit of Pax. *Id.* at PageID 279. Ms. Davis lives in Kentucky. *See id.* at PageID 246. And Defendant Ms. Roper, a nurse who also allegedly is on Pax's payroll, lives in Ohio. *Id.* at PageID 249, 251.

For clarity, the parties and their citizenship are as follows:

| Plaintiffs | | Defendants | |
|---|---|---|---|
| Ms. Silvani | Ohio | Mr. Chang | Georgia |
| Mr. Silvani | Ohio | Ms. Chen | Georgia |
| Mr. Cabansag | Ohio | Ms. Davis | Kentucky |
| | | Pax | Georgia and Ohio |
| | | Ms. Roper[3] | Ohio |

## B.    The Controversy.

Plaintiffs contend that their relationship with Defendants first began to deteriorate when wages were not appropriately paid for services they rendered. *See* Doc. 3, PageID 248. At the crux of the falling out, Plaintiffs allege that Mr. Silvani and Ms. Silvani were undercompensated for work they performed for nearly two years, from June 18, 2018, through April of 2020, for Pax and the other Defendants. *Id.* at PageID 301–02. The lack of payment, in part, led Plaintiffs to file a lawsuit in Butler County, Ohio, Court of Common Pleas against the original Defendants on February 17, 2023. Doc. 1, PageID 1.

Defendants removed the action on April 21, 2023, claiming that this Court had original jurisdiction pursuant 28. U.S.C. § 1332. Doc. 1, PageID 2. Defendants acknowledge

---

[3]  Ms. Roper was added as a defendant to the lawsuit post-removal.

that Pax, as an LLC, shares Ohio citizenship with Plaintiffs and that that may undermine removal based on diversity jurisdiction. *Id.* at PageID 3. However, Defendants assert that Pax has been fraudulently joined by Plaintiffs in this action, which creates an exception to the requirement of complete diversity under 28. U.S.C. § 1332. *Id.* at PageID 5.

Plaintiffs filed their Motion to Remand on May 22, 2023, arguing that Pax was not fraudulently joined and advocating for remand back to state court. Doc. 8. Plaintiffs' Motion to Remand is now before the Court.

## II.    STANDARD OF REVIEW

When all defendants agree to remove an action from state court to federal court, the federal court has jurisdiction only if it would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). For original jurisdiction to exist under 28 U.S.C. § 1332(a), the parties must be sufficiently diverse and the amount in controversy must exceed $75,000. Removal jurisdiction is assessed based on the facts as they exist at the time of removal. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). Where the removal is based on diversity jurisdiction, diversity must be complete at the time of the removal, meaning that "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). The party seeking removal bears the burden of demonstrating by a preponderance of the evidence that the diversity jurisdiction requirements are more likely met than not. *Hayes v. Equitable Energy Res Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

When jurisdiction upon removal is uncertain, federal district courts must strictly construe the removal statutes and resolve all doubts in favor of remand. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). The standard is fitting because if the

4

federal court lacks jurisdiction "any decree in the case [is] void and the continuation of the litigation in federal court [is] futile." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) (citation omitted). Fruitless time expended in federal court serves no one's interests when state court is the appropriate forum.

## III.   LAW AND ANALYSIS

While Plaintiffs argue that this case should be remanded because complete diversity is not met, Doc. 8, PageID 410, Defendants assert that removal was proper because the non-diverse party, Pax, was fraudulently joined. Doc. 22, PageID 485. Plaintiffs also request that the Court impose their costs from removal on Defendants under Fed. R. Civ. P. 11 and 28 U.S.C. § 1447(c) for not having grounds for removing this case. Doc. 8, PageID 423–24.

The Court will begin with Defendants' arguments for jurisdiction and address the request for sanctions in turn.

### A.   Plaintiffs Did Not Fraudulently Join Pax.

In response to Plaintiffs' Motion to Remand, Defendants claim that Pax was fraudulently joined "in order to destroy diversity . . . ." Doc. 22, PageID 485. The Court disagrees.

#### i.   Fraudulent Joinder.

"'[F]raudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.'" *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (quoting *Coyne*, 183 F.3d at 493). "The primary purpose of fraudulent joinder is to ensure that plaintiffs do not avoid diversity jurisdiction by pleading illegitimate claims involving non-diverse parties." *Taco Bell Corp. v. Dairy Farmers of America, Inc.*, 727 F.Supp.2d 604, 607 (W.D. Ky. 2010) (citing *Saginaw*, 576 F.3d at 624). The concept of fraudulent joinder applies only where

5

the plaintiff joins a party against whom there is no "colorable cause of action." *Jerome-Duncan, Inc., v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). The burden of proving fraudulent joinder falls upon the party that invokes the federal court's diversity jurisdiction—or the Defendants. *Coyne*, 183 F.3d at 493.

Indeed, parties cannot consent to subject matter jurisdiction—this Court is obligated to examine jurisdiction "on [its] own initiative." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Similarly, this Court also cannot overlook jurisdictional deficiencies to reach the merits. *Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F. Supp. 2d 694, 695 (W.D. Ky. 2000) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)). The statutes governing remand require that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court must therefore consider the issue of its own jurisdiction.

The United States Court of Appeals for the Sixth Circuit has articulated the procedure to be followed to determine whether fraudulent joinder has occurred:

> To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne*, 183 F.3d at 493 (quotations omitted). The Court therefore must determine whether Plaintiffs had a "colorable basis" for its claims against Pax. In doing so, the Court is required to resolve all disputed questions of fact and ambiguities in the state law in favor of Plaintiffs. *Id.*

6

### ii. Plaintiffs' Claims Against Pax.

In Count IV of the Amended Complaint, Plaintiffs assert that Pax violated provisions of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Revised Code § 4111, *et seq.*, and the Ohio Constitution, Article II, Section 34(a), when it failed to pay them proper wages. Doc. 3, PageID 301–03. Article II, Section 34a of the Ohio Constitution states, in relevant part, that "every employer" must pay their employees working in Ohio a specified minimum wage and provides that "[l]aws may be passed to implement [the section's] provisions and create additional remedies, increase the minimum wage rate and extend the coverage of the section." Ohio Const. Art. II, § 34a. The OMFWSA is one such law passed the state legislature to implement the provisions of Section 34a. The OMFWSA reaffirms the minimum wage rate established in the Ohio Constitution and guarantees that employers will pay employees overtime pay. Ohio Rev. Code §§ 4111.02–03.

The relevant Ohio laws define "employer" to have the same meaning as under the Fair Labor Standards Act, which defines the term to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); Ohio Const. Art. II, § 34a ("same meanings as under the federal Fair Labor Standards Act or its successor law"); Ohio Rev. Code § 4111.02 ("as defined in Section 34a of Article II, Ohio Constitution").[4]

Defendants concede that Pax employed Mr. and Ms. Silvani during the period alleged in the Complaint. Defendants also do not contest the Silvanis' assertion that Pax may not have properly paid them and that this may have violated Ohio laws. Instead, Defendants

---

[4] The FLSA defines "person" as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a).

argue that Plaintiffs have no colorable wage claims because the alleged two-year statute of limitations expired under § 2305.11(a) of the Ohio Revised Code. Doc. 18, PageID 466–67. However, as Plaintiffs point out, Defendants' reliance on the statute of limitations to defeat Plaintiffs' wage claims argument is misplaced.

Here, Plaintiffs' wage claims enjoy a three-year statute of limitations under Ohio law. Ohio Revised Code § 4111.14(K) provides that "an action for equitable and monetary relief may be brought . . . for any violation of Section 34a of Article II, Ohio Constitution, or any law or regulation implementing its provisions within three years of the violation or of when the violation ceased if it was of a continuing nature." *Goodwin v. Am. Marine Express, Inc.*, No. 1:18-CV-01014, 2021 WL 848948, at \*32 (N.D. Ohio Mar. 5, 2021) (quoting Ohio Rev. Code § 4111.14(K)).

In the case *sub judice*, Plaintiffs claim that Pax did not pay proper wages to either Mr. Silvani or Ms. Silvani from June 18, 2018, through April of 2020. Doc. 3, PageID 301–02. As such, Plaintiffs contend that the last violations occurred in April of 2020. The statute of limitations on those claims therefore would not have expired until April of 2023. When Plaintiffs filed this lawsuit in February of 2023, the three-year statute of limitations had yet to expire.[5] Under the circumstances, then, Plaintiffs have asserted timely and colorable wage

---

[5] At least one court within this Circuit has construed the statute of limitations for any violations of Ohio's wage requirements under the Ohio Constitution and OMFWSA as "independent violation[s]." *Goodwin*, 2021 WL 848948, at \*32. In construing the statute of limitations similarly to the FSLA, the *Goodwin* court concluded that any violations of Ohio's wage requirements that occurred more than three years before the plaintiffs filed suit as time barred. *Id.*

This Court takes no stance on whether Plaintiffs may recover under the Ohio Constitution or the OMFWSA for insufficient payments that occurred prior to February 17, 2020—or three years before they filed their suit in state court. The Court does note, however, that Ohio Revised Code § 4111.14(K) differs from the FSLA's statute-of-limitations provision, 29 U.S.C. § 255, in that it allows claims to proceed within three years "of the violation" **or** "of when the violation ceased if it was a continuing nature," whichever is later. Ohio Rev. Code

claims against Pax under Ohio law. When viewing all disputed questions of fact and ambiguities in favor of Plaintiffs, it follows that Pax was not fraudulently joined in this action.[6]

### B.      Defendant Pax's Citizenship Destroys Diversity.

Having resolved the fraudulent joinder argument, the Court turns now to the relatively simple matter of whether Pax causes this Court to lose jurisdiction.

Removal based on diversity jurisdiction "requires complete diversity between all plaintiffs on one side and all defendants on the other side," *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004), and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). And as noted, a limited liability company or LLC has the citizenship of its members and sub-members. *Delay*, 585 F.3d at 1005; *see also B&N Coal, Inc. v. Blue Racer Midstream, LLC*, No. 19-4111, 2020 WL 9474311, at *1 (6th Cir. Dec. 2, 2020) (holding that commonality of citizenship between plaintiff and an LLC defendant's sub-member destroyed diversity of citizenship).

This case was removed based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Doc. 1. After careful review of all the pleadings filed in this case, however, the Court finds federal subject matter jurisdiction lacking. Pax, as an LLC, has the citizenship of its two members: Ms. Silvani and Mr. Chang. As a result, Pax is both a citizen of the state of Ohio, based on the residency of its fifty percent owner, Ms. Silvani, and of the state of

---

§ 4111.14(K). On the other hand, Section 255 of the FLSA includes no such language allowing the statute of limitations to be tolled when the violation is of a "continuing nature." *See* 29 U.S.C. § 255.

[6] As Plaintiffs note in their reply memorandum, they have also pled a breach of contract claim against Pax for the unpaid wages. Doc. 25, PageID 492–95. Under Ohio law, breach of contract claims enjoy either a four-year or six-year statute of limitations, depending on the nature of the claim. Ohio Rev. Code § 2305.07 (four-year statute of limitations for contracts not in writing); § 2305.06 (six-year statute of limitations for contracts in writing). Defendants do not argue that Plaintiffs have failed to comply with the statute of limitations for a breach of contract claim, indicating another "colorable" basis for their claims against Pax.

Georgia, based on the residency of its other fifty percent owner, Mr. Chang. It is undisputed that Plaintiffs all reside in Ohio. Because Plaintiffs and Pax are both citizens of Ohio, the Court finds that diversity of citizenship under 28 U.S.C. § 1332(a)(1) does not exist. Accordingly, the action must be remanded to the Court of Common Pleas for Butler County, Ohio.

For the foregoing reasons, this Court concludes that complete diversity was lacking at the time of removal, therefore the action was improperly removed to this Court. This action is hereby **REMANDED** to the Court of Common Pleas for Butler County, Ohio.

**C.      Plaintiffs' Request for Costs and Fees Is Not Warranted.**

In Plaintiffs' Motion to Remand, they also seek to impose their costs on Defendants. Doc. 8, PageID 423. Plaintiffs' request is not well taken.

Rule 11 requires a standalone motion for sanctions. Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). Plaintiffs' request must fail because they have not made a separate motion here, rather Plaintiffs tacked on its Rule 11 argument in their Motion to Remand.

Further, a motion for sanctions for a violation of Rule 11(b) must be served on a party and must not be filed with the Court if the offending filing is withdrawn or corrected within twenty-one days after service. Fed. R. Civ. P. 11(c)(2). "[S]anctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court." *Uszak v. Yellow Trans. Co., Inc.*, 343 F. App'x 102, 107–08 (6th Cir. 2009) (internal quotation marks and citations omitted). Here, Plaintiffs make no representations or arguments that they complied

10

with Rule 11's safe harbor provision. *See* Doc. 8, PageID 423–25; Doc. 25, PageID 502. Thus, sanctions under Rule 11 are unavailable. *See Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014) ("Failure to comply with the safe-harbor provision precludes imposing sanctions on the party's motion.") (citation omitted). Accordingly, Plaintiffs' request for sanctions is **DENIED**.

Nonetheless, an award of costs and fees under 28 U.S.C. § 1447(c) may be appropriate where the removing party lacked an "objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Courts enjoy inherent authority to impose sanctions for such conduct, including an assessment of attorney's fees. *Id.* at 45.

Though resting upon the slimmest of reeds, the Court finds that Plaintiffs may have had an objectively reasonable basis for removal. Notwithstanding Defendants' fraudulent joinder argument, Defendant Chang has a separate suit still pending against Plaintiffs in this Court.[7] Defendants therefore could have had an objectively reasonable belief that this Court could exercise jurisdiction over both these pending actions. Because this Court is loath to exercise its discretion to impose sanctions against attorneys for what appears to have been a mistaken belief that removal under 28 U.S.C. § 1447(c) was available, it will decline to do so in this instance.

---

[7] The Court need not decide whether this action includes compulsory counterclaims under Fed. R. Civ. P. 13(a) in response to Defendant Chang's original case, 1:22-cv-211. The Court leaves that issue for Butler County to determine. *See, e.g.*, *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, No. 5:95 CV 43, 2004 WL 422647, *3 (N.D. Ohio Mar. 3, 2004) ("Although not explicit in the text of Rule 13(a), a party that does not assert its compulsory counterclaim in the first proceeding has waived its right to bring the counterclaim and is forever barred from asserting that claim in future litigation.").

IV.     CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion to Remand. Doc. 8.

The Court orders this case to be **REMANDED** back to Butler County, Ohio, Court of

Common Pleas. The Court further orders that Plaintiffs' request for costs and fees is

**DENIED**.

**SO ORDERED**

June 11, 2024

Jeffery P. Hopkins
United States District Judge